# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MATTHEW STROTHER,<br><br>  Plaintiff,<br>  v.<br>WENDY K. MYER, et al.,<br><br>  Defendants.<br>_____ / | CASE NO.  1:11-cv-01131-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>(ECF Nos. 9 & 10)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.   PROCEDURAL HISTORY**

Plaintiff Steven Matthew Strother ("Plaintiff") is a state prisoner and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 8, 2011. (ECF No. 1.) It has not yet been screened by this Court.

Pending before the Court are Plaintiff's Motion for a Preliminary Injunction filed September 2, 2011 and Motion to remain in current location filed September 6, 2011. (ECF Nos. 9 & 10.)

//

## II. **LEGAL STANDARDS**

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).  Under this sliding scale, the elements of the preliminary injunction test are balanced.  As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## III. **ANALYSIS**

In the Motion for Preliminary Injunction, Plaintiff states that he has stated cognizable claims in his Complaint and then describes those claims.  Plaintiff then requests that Defendants be ordered to allow Plaintiff to wear religious headgear, purchase religious items, access to the chapel, pray on the yard, among other things.

In the Motion to remain in his current facility, Plaintiff states that one prison official indicated that they would like to keep Plaintiff in the facility because he did not have any rules violation reports. Plaintiff then states that he "suspects [Defendant] Myers will try and enforce HER will". The Court assumes that Plaintiff means that Defendant Myers will then try to transfer Plaintiff to a different facility.

The Court finds that, at this stage in the proceedings, Plaintiff fails to meet the legal standards required to be granted injunctive relief. To succeed on such motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Plaintiff has not addressed any of the legal requirements to meet the standard. He does only reiterates the claims in his Complaint, does not refer to any irreparable harm, the balance of equities or the public good. The Court fails to understand the second motion as the prison official informed Plaintiff that he would be staying in his current facility.

**IV. <u>CONCLUSION</u>**

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction be DENIED and that Plaintiff's Motion to remain at his current facility also be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

1  Plaintiff is advised that failure to file objections within the specified time may waive the right
2  to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).
3  IT IS SO ORDERED.

Dated:     October 10, 2011

UNITED STATES MAGISTRATE JUDGE