# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN STROTHER,<br><br>    Plaintiff,<br><br>    v.<br><br>WENDY K. MYERS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01131-AWI-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 1<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On July 8, 2011, Plaintiff Steven Strother ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Plaintiff's Complaint

In Plaintiff's complaint, he names defendants R. Fisher, Jr., Associate Warden; Wendy K. Myers, Community Partnership Manager (CPM) (A); Mr. Shannon, Facility Captain; and James A. Yates, Warden, who were all employed at Pleasant Valley State Prison ("PVSP"). Compl. at 1, 6, Doc. 1.

On June 27, 2010, Myers and other named defendants informed Plaintiff that PVSP has

changed the policy regarding religious headgear and oil. *Id.* at 6. Religious oil can only be purchased in one 2 oz. bottle. *Id.* at 6, 13. Approved vendor does not carry a 2 oz. bottle. *Id.* Religious headgear can only be worn to and from the chapel. *Id.* Receiving and Release ("R&R") is enforcing their own policy, which goes against the Department of Operation Manual ("D.O.M."). *Id.* The defendants' actions are clearly racist and biased towards Plaintiff and Muslims. *Id.* Due to negative news media coverage, the D.O.M. stated that 4 oz. or more is allotted for all Muslims every three months. *Id.* These defendants are all enforcing 2 oz. from a prayer oil vendor in Church Hill, Virginia, when there are hundreds of vendors in California. *Id.* at 7.

Plaintiff states to see attached exhibits to show that Kufis were allowed to be worn throughout prison. *Id.* A meeting was held with no Muslim Chaplain. *Id.* This is when arbitrary decisions were made and enforced under these defendants' recommendations and false statements. *Id.* These recommendations were going into the D.O.M. in August 2010, and as of May 2011, no changes have been made in the D.O.M. *Id.* It is apparent from the responses by the defendants to 602s, filed by the Muslim population / Plaintiff in Facility C, that Plaintiff and Muslims are being denied access to the chapel. *Id.* They are forced to hold Islamic services on wet grass in the exercise yard. *Id.* No seats are available for ADA Muslim inmates. *Id.* While praying Plaintiff / Muslims are hit by softballs, soccer balls, etc. *Id.*

On December 16, 2010, James A. Yates, Warden, granted Plaintiff's appeal, in part, at the second level of review. *Id.* at 17-18. The Warden found that Plaintiff may order 2 oz. of oil every quarter and wear religious artifacts to and from religious services and in his cell. *Id.* at 18. The Warden contacted Myers, the Community Partnership Manager, who stated that oils can be ordered through AzureGreen and HalcoBooks. *Id.* One or two ounce oils can be ordered through AzureGreen and two ounces can be ordered through Halcobooks. *Id.* The Warden contacted R. Shannon, Facility Captain, who said that Muslim inmates cannot worship in the chapel when there is not a free staff member to supervise. *Id.* This is not limited to Muslims but includes any religious group. *Id.* On April 22, 2011, A. Altamirano, Appeals Examiner, denied Plaintiff's appeal at the third level of review. *Id.* at 14.

Plaintiff seeks injunctive relief and damages of $1,000,000. *Id.* at 8.

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. Prisoner Class Action

Although it appears that Plaintiff purports to bring this as a class action on behalf of other Muslim inmates, he is not an attorney and he is proceeding without counsel. A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others. *E.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Fymbo*, 213 F.3d at 1321; *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

### B. First Amendment Right to Free Exercise of Religion

#### 1. First Amendment

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979). The protection of the Free Exercise Clause of the First Amendment is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith and rooted in religious beliefs. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).

Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see O'Lone*, 482 U.S. at 349 (applying *Turner* to Free Exercise claims). First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." *Turner*, 482 U.S. at 89. A second consideration is "whether there are

alternative means of exercising the right that remain open to prison inmates." *Id.* at 90. A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

Plaintiff is required to allege sufficient facts to support a plausible claim for relief against each named defendant, which requires more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 678-79; *Moss*, 572 F.3d at 969. Plaintiff alleges that Plaintiff / Muslims are unable to order more than two ounce bottles of prayer oil; that Kufis were allowed to be worn throughout prison; and that Plaintiff / Muslims have to hold Islamic services on wet grass in the exercise yard and are hit by softballs, soccer balls, etc. First, Plaintiff's vague allegations do not clearly allege that he is the one with the sincerely held belief experiencing the burden on his free exercise. Plaintiff failed to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in his favor. *Human Life of Washington Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Second, Plaintiff's complaint demonstrates that he is able to order two ounces of prayer oil on a quarterly basis and that he may wear religious artifacts to and from religious services and in his cell. Plaintiff also fails to allege that the softballs and soccer balls have interfered with his religion. Thus, Plaintiff has not shown a sincerely held belief or substantial burden on his religion.

Plaintiff fails to state a cognizable § 1983 First Amendment Right to Free Exercise of Religion claim against defendants

**2. RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. "RLUIPA defines 'religious exercise' to include 'any exercise of religion,

whether or not compelled by, or central to, a system of religious belief.'" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting 42 U.S.C. § 2000cc-5(7)(A)). Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). "A 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.* at 995 (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). If the plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." *Id.* (emphasis in original); *see also Alvarez v. Hill*, 518 F.3d 1152, 1156 (9th Cir. 2009). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Warsoldier*, 418 F.3d at 995.

Plaintiff's claims for damages were brought against defendants in both their official and individual capacities. State officials sued for damages in their official capacities are not "persons" within the meaning of § 1983. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). *Shilling v. Crawford*, 377 Fed. Appx. 702, 704 (9th Cir. 2010). Rather, suits against them are no different than suits against the state itself, and the Eleventh Amendment bars such suits. *Id.* Thus, Plaintiff's claims against defendants in their official capacities is improper. *Id.* at 705. Moreover, the Ninth Circuit has not yet decided whether money damages for RLUIPA claims are available against state actors sued in their individual capacities. *Id.* A number of other circuits have answered that question in the negative. *See, e.g., Nelson v. Miller*, 570 F.3d 868, 885-89 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 187-88 (4th Cir. 2009); *Sossamon v. Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1272-73 (11th Cir. 2007). *Shilling*, 377 Fed. Appx. at 705. Therefore, this Court also finds that Plaintiff cannot collect money damages for a violation of RLUIPA.

Plaintiff is required to allege sufficient facts to support a plausible claim for relief against each named defendant, which requires more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 678-79; *Moss*, 572 F.3d at 969. Plaintiff alleges that Plaintiff / Muslims are unable to order more

than two ounce bottles of prayer oil; that Kufis were allowed to be worn throughout prison; and that Plaintiff / Muslims have to hold Islamic services on wet grass in the exercise yard and are hit by softballs, soccer balls, etc. As stated above, Plaintiff's vague allegations do not clearly allege that he is the one experiencing the burden on his free exercise. Plaintiff failed to demonstrate that he has standing to sue by failing to show (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in his favor. *Human Life of Washington Inc.*, 624 F.3d at 1000 (citing *Lujan*, 504 U.S. at 560). Second, Plaintiff's complaint demonstrates that he is able to order two ounces of prayer oil on a quarterly basis and that he may wear religious artifacts to and from religious services and in his cell. Plaintiff also fails to allege that the softballs and soccer balls have interfered with his religion. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier*, 418 F.3d at 994-95. Plaintiff has not met this initial burden. Therefore, Plaintiff fails to state a cognizable RLUIPA claim against defendants.

### C. Equal Protection / Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. *See e.g., Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff fails to state a claim against any defendants. Plaintiff alleges discrimination based on being a Muslim. However, Plaintiff's complaint demonstrates that all religious groups are not allowed to use the chapel when there is not a free staff member to supervise. Thus, Plaintiff fails to allege sufficient facts which indicate that defendants treated him differently on the basis of a protected class. Therefore, Plaintiff fails to state a cognizable § 1983 Equal Protection claim against

1  defendants.

## D. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

## E. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

## IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    September 6, 2012

UNITED STATES MAGISTRATE JUDGE