# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STEVEN STROTHER,

    Plaintiff,

vs.

W.K. MYERS, et al.,

    Defendants.

) 1:11cv01131 AWI DLB PC
)
) FINDINGS AND RECOMMENDATION
) REGARDING DISMISSAL OF ACTION
)
) THIRTY-DAY OBJECTION DEADLINE

Plaintiff Steven Strother ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  Plaintiff filed this action on July 8, 2011.  Pursuant to the Court's order, he filed a First Amended Complaint ("FAC") on October 26, 2012.  Plaintiff names Pleasant Valley State Prison ("PVSP") Warden P. D. Brazelton,[1] Facility C-Yard Captain R. J. Shannon and Community Partnership Manager W. K. Myers as Defendants.

A.  **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

---

[1] Plaintiff originally named Warden Yates as a Defendant, but now names new warden P. D. Brazelton.  Fed. R. Civ. P. 25(d).

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572

F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarnated at PVSP, where the events at issue occurred.

Plaintiff alleges that on August 3, 2010, Defendant Myers circulated a memorandum stating that (1) prayer oil would now be allowed only in two ounce bottles; and (2) the Kufi prayer cap could be worn only to and from services.

Plaintiff states that the Department of Operations Manual ("DOM") allows four ounces of prayer oil.  He questioned the warden on the issue and Plaintiff alleges that the warden "passed the issue off" to Defendant Myers.  Defendant Myers responded to Plaintiff's request for interview by explaining that the changes are being incorporated into the next revision of the DOM.  Plaintiff alleges that restrictions were not placed on baby oil or olive oil, which are used in rituals of other religions.  Plaintiff then cites a Fresno County Superior Court Case in which he raised the issue.  The Superior Court ruled that the oil was flammable and therefore posed a security threat.  The Superior Court also ruled that Plaintiff was allowed to have two ounces of oil and he did not need an alternative means to exercise the right at issue.

As to the Kufi restriction, Plaintiff contends that he filed a 602 appeal and won the right to wear it inside his cell.  However, W. Tucker told Plaintiff that if he did not have a chrono signed by the Muslim Chaplain, he could not wear it anywhere in the prison.  Plaintiff raised the issue in Superior Court, where the Court held that the restrictions are reasonably related to legitimate penological interests due to cleanliness, safety and security concerns.

Finally, Plaintiff alleges that Muslims at PVSP are prohibited from holding services in the chapel without the presence of a staff member.  This policy was instituted by Defendant Shannon.  Plaintiff states that he was denied access to the chapel from July 2010 through July 2012, with the exception of six times.  Plaintiff contends that Catholics and Christians had access

to the chapel because they had chaplains.  Plaintiff raised this issue in Superior Court, where the Court ruled that the restriction applied to all religions.

Plaintiff states that he cannot smell his best at every prayer due to the restriction on oils and that it is respectful to cover his head when he prays.

Plaintiff contends that the restriction of prayer oil, Kufi restrictions and access to the chapel violate the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").  He also alleges that denial of chapel access violates the Fourteenth Amendment.  Finally, Plaintiff alleges violations of various CDCR guidelines.  He requests declaratory and injunctive relief, as well as monetary damages.

**C.     ANALYSIS**

   1.     Res Judicata

In support of this action, Plaintiff attaches a July 15, 2011, decision from the Fresno County Superior Court denying his petition for writ of habeas corpus.  Ex. G.  In the petition, Plaintiff raised (1) the two ounce prayer oil limit; (2) the restriction on wearing the Kufi; and (3) the denial of chapel access.  He contended that these restrictions violated the First and Fourteenth Amendments.

The Superior Court found that the chapel restriction did not violate the First Amendment because Plaintiff admitted that he is able to practice his faith, albeit in an outdoor venue.  The Court also ruled that the Fourteenth Amendment was not violated because PVSP reported that the chapel supervision requirement is not limited to Muslims, but applies to all religious groups.

As to his prayer oil, the Court found that the restriction is reasonably related to legitimate penological interests, noting that the prayer oil is flammable.  The Court also found that Plaintiff was not prohibited from having *any* oil, and he therefore did not state a First Amendment claim.

Finally, the Court found that the restriction related to his Kufi cap did not violate the First Amendment because it was reasonably related to penological interests due to cleanliness, safety and security concerns.

It is well-established that where a federal constitutional claim is based on the same asserted wrong as a state action and the parties are the same, res judicata will bar the federal constitutional claim, whether or not it was asserted specifically in state court.  <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1035-1036 (9th Cir. 1990).  California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.  <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing <u>City of Martinez v. Texaco Trading & Transp., Inc</u>., 353 F.3d 758, 762 (9th Cir. 2003)) (quotation marks omitted).  If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.  <u>Id</u>. (citing <u>Eichman v. Fotomat Corp</u>., 147 Cal.App.3d 1170, 1174 (1983)) (quotation marks omitted).

Here, Plaintiff raised the issues in this action in his state habeas petition, and the Court ruled on the constitutionality of the issues.[2]  Although the Superior Court did not rule on the RLUIPA claim that he now raises, res judicata still acts as a bar.  "*Res judicata* [claim preclusion] prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  <u>Kay v. City of Rancho Palos Verdes</u>, 504 F.3d 803, 809 (9th Cir. 2007) (citations

---

[2] Unlike federal habeas proceedings, state habeas permits challenges to conditions of confinement.

omitted); Taylor v. Grannis, 2010 WL 4392578 (N. D. Cal. 2010) (applying res judicata in federal 1983 action where Plaintiff raised the RLUIPA issue in state habeas).

Accordingly, Plaintiff's constitutional claims and RLUIPA claims are barred by the doctrine of res judicata and should be dismissed.

   2.   <u>Violations of California Code of Regulations</u>

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir.2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Therefore, to the extent that Plaintiff attempts to allege a violation of the California Code of Regulations, he cannot do so. Plaintiff was informed of this in the prior screening order. His claim cannot be cured and should be dismissed.

   3.   <u>RLUIPA and The First Amendment</u>

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling

6

governmental interest." Id. (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Similarly, under the First Amendment, "Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85.

Even assuming that Plaintiff's claims weren't barred by res judicata, he would be unable to state a claim under RLUIPA or the First Amendment.  Plaintiff does not establish that the rules at issue placed a substantial burden on his ability to practice his religion.  He admits that he is able to have two ounces of oil, and though he says he "cannot smell his best at every prayer due to the restriction of the amount he can purchase," Plaintiff is still able to practice his religion. FAC 8.  Similarly, although Plaintiff states that it is respectful to cover his head during prayer, he does not allege that his inability to do so substantially burdens the practice of his religion. Finally, although Plaintiff attends services in the yard, he does not allege that the practice of his religion is substantially burdened.

Plaintiff is therefore unable to state a claim under the First Amendment or RLUIPA. Plaintiff was afforded an opportunity to amend, but failed to cure the deficiencies.

4.     Fourteenth Amendment

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  A prisoner is entitled "to 'a

reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)). To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds* by Shakur, 514 F.3d at 884-85.

Plaintiff's equal protection claim is based on his belief that Muslims are denied chapel access while other religions are not. He states that Muslims are not allowed access without staff supervision, yet alleges that Catholics and Christians had access "because they had a chaplain." FAC 4. The Muslim community, however, did not have a chaplain from July 2010 through July 2012.

It is therefore evident from Plaintiff's own allegations and admissions that denial of chapel access is not based on religion, but rather on the availability of staff to oversee the access. Indeed, Plaintiff states that he was allowed chapel access when Chaplain Phillips, Chaplain McGee and Defendant Myers supervised on various dates. He similarly acknowledges that Catholics and Christians are allowed access because they have chaplains. Plaintiff's Exhibit H confirms this. In response to his appeal at the Director's Level, the appeals examiner explained that the prohibition on chapel access where there is not a free staff member applies to any religious group.

Plaintiff is therefore unable to state a claim under the Fourteenth Amendment and the claim should be dismissed.  Plaintiff was afforded an opportunity to amend, but failed to cure the deficiencies.

### D.      FINDINGS AND RECOMMENDATIONS

Plaintiff's FAC fails to state a claim for which relief may be granted and should be dismissed without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim under section 1983.  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 24, 2013**                           /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE